UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN GREINER,

    Plaintiff,                                            Case No. 14-cv-13979
                                                          Hon. Matthew F. Leitman

v.

CHARTER COUNTY OF
MACOMB, MICHIGAN *et al.*,

    Defendants.
_____/

## ORDER GRANTING DEFENDANT'S MOTION
## FOR A MORE DEFINITE STATEMENT (ECF #38)

Plaintiff John Greiner ("Greiner") is a former employee of Defendant Charter County of Macomb ("Macomb County"). Greiner alleges that, among other things, Macomb County forced him to complete assignments in violation of medical work restrictions and ultimately terminated his employment. Greiner thereafter filed this action. (*See* ECF #1.) On June 8, 2015, Greiner filed an Amended Complaint, in which he alleges violations of both state and federal law. (*See* ECF #35.)

Macomb County objects to how Greiner has pleaded his causes of action. (*See* ECF #38.) It contends that "[m]any of the paragraphs in the amended complaint include multiple disparate allegations and [Greiner] sets forth multiple claims for relief in single counts." (*Id.* at ¶ 7, Pg. ID 302.) As a result of these pleading deficiencies, Macomb County insists that it does not have "a fair opportunity to frame a responsive pleading." (*Id.* at ¶9.) The Court agrees.

1

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Likewise, each numbered paragraph in a complaint should be "limited as far as practicable to a single set of circumstances." Fed. Rule Civ. Proc. 10(b). Moreover, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence … must be stated in a separate count or defense." *Id.*

The Amended Complaint, as currently pleaded, does not comply with these rules. For example, the Amended Complaint includes numerous examples of single paragraphs that contain multiple discrete ideas or circumstances. (*See, e.g.,* Am. Compl. at ¶¶ 58, 66, 73, 126, 127, 188.) Such group allegations make it difficult, if not in some instances nearly impossible, for Macomb County to intelligently respond to the accusations made in the Amended Complaint.

More concerning, Greiner appears to include multiple claims within the same "count" of the Amended Complaint. Count I, for instance, is labeled "Violation of American's [sic] With Disabilities Act and the Persons with Disabilities Civil Rights Act Including Age Discrimination." (*Id.* at ¶¶ 270-292.) Greiner attempts to bring, in this single "count," claims for violations of the federal American Disabilities Act, Michigan's Persons with Disabilities Civil Rights Act, and the federal Age Discrimination in Employment Act. (*See id.*) Similarly, Greiner appears to bring separate statutory and constitutional claims of age and disability discrimination all together in Count II, which he titles simply "Employment Discrimination." (*See id.* at

2

¶¶ 293-294.) This grouping together of multiple, discrete claims under different theories does not comply with the requirements of the Federal Rules of Civil Procedure. Each of Greiner's separate causes of action, under either state or federal law, must be included in an individual count and not pleaded together as was done in the Amended Complaint.

Accordingly, for the reasons stated above, **IT IS HEREBY ORDERED** that Macomb County's Motion for a More Definite Statement (ECF #38) is **GRANTED**.

**IT IS FURTHER ORDERED** that Greiner shall file a Second Amended Complaint that complies in all respects with the Federal Rules of Civil Procedure by no later than **August 3, 2015**. Each numbered paragraph in the Second Amended Complaint shall be "limited as far as practicable to a single set of circumstances." Fed. Rule Civ. Proc. 10(b). Greiner can best comply with this rule by including no more than a single sentence or factual allegation within each numbered paragraph. In addition, each "count" pleaded in the Second Amended Complaint shall include no more than one statutory, constitutional, or state law claim.

**IT IS SO ORDERED**.

>s/Matthew F. Leitman
>MATTHEW F. LEITMAN
>UNITED STATES DISTRICT JUDGE

Dated: July 20, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 20, 2015, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113
